59833, 59951. STROUD v. THE STATE (two cases).

CARLEY, Judge.

Appellant was indicted, tried and convicted of two counts of robbery. He appeals.

1. Appellant's attorney and the assistant district attorney entered into a stipulation that a polygraph test would be administered to appellant. It was agreed that if appellant were determined to be truthful in his responses to questions concerning the robberies for which he was indicted, the case would be dead docketed. The stipulation further provided that if appellant proved to be untruthful, he would plead guilty and the district attorney would recommend concurrent one-year sentences. The test was administered and produced inconclusive results. Appellant then entered not guilty pleas and after the jury found him guilty on both counts, he was given a six-year sentence. He argues on appeal that to impose the greater six-year sentence after exercising his right to a jury trial when he would have received a one-year sentence had he pled guilty violates due process. This enumeration does no more than attack the constitutionality of plea bargaining and is without merit. Corbitt v. New Jersey, 439 U. S. 212 (99 SC 492, 58 LE2d 466) (1978). See also *Thompson v. State,* 154 Ga. App. 704 (1980).

2. Error is enumerated upon the following charge: "Presence, companionship and conduct before and after the commission of the alleged offense may be considered by the jury and are circumstances which may give rise to an inference of the existence of a conspiracy." This was a correct statement of the law. *Thornton v. State,* 119 Ga. 437, 439 (46 SE 640) (1903). "Conspiracy consists in a corrupt agreement between two or more persons to do an unlawful act, the existence of which agreement may be established by direct proof, *or by inference, as a deduction from acts and conduct,* which discloses a common design on their part to act together for the accomplishment of the unlawful purpose." (Emphasis supplied.) *Chappell v. State,* 209 Ga. 701, 702 (75 SE2d 417) (1953). The charge in the instant case did not allow the jury to find a conspiracy based on presence, companionship and conduct alone. Rather, the jury was instructed that these were circumstances to be considered in determining the existence of a conspiracy. There was no error.

3. There was evidence of appellant's participation in the crime other than his mere presence at the scene of both robberies. *Jones v. State,* 242 Ga. 893 (252 SE2d 394) (1979). The evidence supports the verdict. *Cunningham v. State,* 235 Ga. 126 (218 SE2d 854) (1975); *Bass v. State,* 237 Ga. 710 (229 SE2d 448) (1976). After a review of the entire record, we find that a rational trier of fact could reasonably

have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

59833, ARGUED MAY 12, 1980; 59951,
SUBMITTED MAY 12, 1980 — DECIDED JUNE 12, 1980.

*Michael J. Reily,* for appellant (Case No. 59833).

Tillman Stroud, Jr., *pro se* (Case No. 59951).

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Richard E. Hicks, Assistant District Attorneys,* for appellee.