## 61949. GERMAN v. THE STATE.

Carley, Judge.

Appellant was indicted for murder. Under the construction of Code Ann. § 27-1404 applicable at all times relevant to the instant case (see *State v. Germany*, 246 Ga. 455 (1) (271 SE2d 851) (1980)), appellant withdrew a plea of guilty to involuntary manslaughter before any sentence was "pronounced." Appellant was then tried on the murder indictment and found guilty of voluntary manslaughter. He appeals.

1. Appellant contends that the original sentence that would have been imposed had he not withdrawn his guilty plea before it was "entered" was more lenient than the sentence he received after being tried. Citing North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969), appellant urges that in the absence of an affirmative statement in the record by the court of the reasons underlying the decision to increase the punishment it was error to impose the "harsher" sentence after trial. Pretermitting consideration of the fact that the original "lenient" sentence would have been entered pursuant to a plea of guilty to involuntary manslaughter whereas the sentence which was entered was on a verdict of guilty of the "greater" crime of voluntary manslaughter, it is clear that "Pearce has no applicability under the facts presented *in the instant appeal.* The holding in Pearce addresses the issue of 'constitutional limitations . . . upon the general power of a judge to impose upon *reconviction* a longer prison sentence than the defendant *originally received.*' . . . [Cit.] [As discussed above,] [u]nder the construction of Code Ann. § 27-1404 applicable at all times relevant to the instant case, [cit.], appellant withdrew his guilty plea as a matter of right before any sentence was 'pronounced.' [Cits.] Thus, there was no original sentence 'imposed' pursuant to appellant's guilty plea and, therefore, no basis from which appellant

can urge that the sentence he received after trial was 'harsher.' As we interpret Pearce, the issue of 'vindictive' sentencing arises only in the case where, after a successful attack on the original conviction and subsequent reconviction, a defendant receives a more severe sentence than was *originally imposed.* [Cit.] 'We can envision no beneficial effect on the administration of the criminal justice system resulting from an interpretation of Pearce whereby those accused of crimes who (would otherwise) receive less harsh sentences engendered by pleas of guilty (could thereby) establish the maximum punishment to be imposed and then withdraw those pleas and force the state to trial with nothing to lose.' [Cit.]" *Bennett v. State,* 158 Ga. App. 421, 428 (280 SE2d 429), (1981). This enumeration of error is without merit.

2. Appellant enumerates as error the refusal of the trial court to permit defense counsel to propound a question on voir dire, ostensibly concerning the opinions of prospective jurors on appellant's credibility as a witness. "The conduct of the voir dire is within the discretion of the trial court, and the court's rulings are proper absent some manifest abuse of discretion. [Cits.]" *Patterson v. State,* 239 Ga. 409, 411 (238 SE2d 2) (1977). We have reviewed the question disallowed in the instant case and find no manifest abuse of discretion. It is clear that the question in the instant case was not merely calculated to determine if any prospective juror had a *preconceived* bias or prejudice against appellant's credibility but, rather, tended to ask the jurors to *prejudge* the issue of appellant's credibility based upon defense counsel's explanation of what they might observe during the trial. See generally *Cobb v. State,* 244 Ga. 344, 349 (5) (260 SE2d 60) (1979). " '[N]o question should be so framed as to require a response from the juror which might amount to a prejudgment of the case . . .' [Cit.]" *Gunnin v. State,* 112 Ga. App. 720 (2) (146 SE2d 131) (1965). A question on voir dire should not invade "the right and the responsibility of the jury to determine individual credibility in the context of the entire case." *Bennett v. State,* 153 Ga. App. 21, 26 (264 SE2d 516) (1980). See also *Morrison v. State,* 155 Ga. App. 234 (1) (270 SE2d 397) (1980).

Moreover, after the question was disallowed the trial court asked the entire jury panel if there was "any juror in the courtroom who will not endeavor to be fair and honest in your determination of which witnesses or which parties you will believe, during the trial of this case? In other words, whatever happens, or whatever is said by any witness, do you know of any reason why you would not be as fair as you can, and as honest as you can, in determining the credibility of that person or persons?" No juror responded to this inquiry by the court. In his instructions to the jury the trial court gave a full and fair charge on the issue of witness credibility. We find no error in the trial

court's refusal to allow this issue to be prejudged on voir dire.

3. A police officer, responding to a "person shot, ambulance on the way" call, arrived at the scene. The officer was led into the apartment by appellant and there observed the then still-living victim on the floor. The officer's initial general inquiries concerning what had transpired were met with silence. Eventually the victim volunteered that she had been shot by appellant. Appellant responded to the victim's accusation by stating that it had been an accident. The officer then inquired about the whereabouts of the gun. Appellant retrieved the weapon and handed it to the officer.

Appellant sought to exclude testimony concerning his verbal and nonverbal responses to the officer's inquiries on the ground that they had occurred prior to his being given the Miranda warnings. A Jackson v. Denno hearing was held and the trial court refused to exclude evidence concerning appellant's responses to the officer's questions. Appellant enumerates as error the trial court's refusal to exclude the officer's testimony in this regard. We find appellant's contention to be without merit upon application to the facts sub judice of the principles enunciated in *Tucker v. State,* 237 Ga. 777 (2) (229 SE2d 617) (1976).

4. Appellant enumerates as error the giving of an instruction on the presumption of malice. We find no reversible error. "[I]f the charge were erroneous, it was not prejudicial to the accused, since [he] was convicted of a lesser offense which did not involve the question of malice." *Locey v. State,* 74 Ga. App. 447, 449 (39 SE2d 763) (1946).

5. After charging on the principles of law applicable to crimes of homicide, the trial court instructed the jury on the principles which would be applicable to offenses the jury would be authorized to consider in the event they found appellant had not caused the death of the victim. In this connection the trial court gave the following charge: "[D]eliberately firing a gun in the direction of a human being in order to 'distract' him raises no issue of accident or misfortune when the charge [being considered by the jury] is aggravated assault." This is an accurate statement of the law and was adjusted to the evidence in the instant case. We find no error in this charge for any reason urged on appeal. See *DeBerry v. State,* 241 Ga. 204, 207 (243 SE2d 864) (1978).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*Charles R. Desiderio,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.