### 62327. MILNER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted as a habitual violator, driving under the influence, driving with no proof of insurance, driving without a valid motor vehicle inspection sticker and speeding.

1. Appellant appealed on the general grounds, and in another enumeration of error contends the court erred by denying his motion for a directed verdict of acquittal at the conclusion of the state's presentation of evidence. The state presented evidence which disclosed that appellant was stopped by a state trooper for driving 70 miles per hour in a 55 mile per hour speed zone. Appellant had no driver's license, no proof of insurance and no motor vehicle inspection sticker on his truck. The trooper testified that in his opinion, appellant was under the influence of alcohol. A letter notifying appellant that his driver's license had been revoked, together with a receipt signed by appellant acknowledging receipt of the notice, was also introduced into evidence.

A motion for a directed verdict of acquittal will be granted only where the evidence demands a verdict of acquittal or "not guilty."

Code Ann. § 27-1802. As the state's evidence authorized conviction, it could hardly be found to demand a verdict of acquittal. *McCane v. State,* 147 Ga. App. 730, 731 (3) (250 SE2d 181) (1978).

After denial of his motion, appellant testified in his own behalf. He acknowledged that he had no driver's license, no insurance, no motor vehicle inspection sticker and that in regard to the speeding, he told the trooper he might have been speeding. He denied having anything to drink other than two sips of beer.

Our review of the transcript discloses evidence more than sufficient to sustain appellant's conviction. We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by allowing into evidence a computer printout of the record of his driving history. This issue was decided adversely to appellant in *Beasley v. State,* 157 Ga. App. 94 (276 SE2d 144) (1981).

3. Appellant next contends the trial court erred by admitting state exhibits 1, 2, 3 and 4 (notice of revocation, receipt for certified mail, appellant's driver's license and the computer printout) into evidence without a proper foundation being laid for the admission of such documents. However, Lt. Robert Hightower testified that he was the official custodian of appellant's records and had been so designated by the Commissioner of the Department of Public Safety. Lt. Hightower certified that exhibits 1, 2, 3 and 4 were true and correct copies of official records in his custody pertaining to appellant. Therefore, the documents were admissible pursuant to the provisions of Code Ann. § 68B-215 (e). *Hight v. State,* 153 Ga. App. 196, 197 (2) (264 SE2d 717) (1980); *Moon v. State,* 156 Ga. App. 877 (275 SE2d 813) (1981).

However, appellant contends that Lt. Hightower was one of seven custodians designated by the commissioner, and under the rule set forth in *Blackmon v. State,* 153 Ga. App. 359 (1) (256 SE2d 320) (1980), the Commissioner of Public Safety could designate a single individual to be empowered to certify records, and that there is no authorization under the statute (§ 68B-215 (e)) for a further delegation of that power. This is indeed what we held in *Blackmon,* but we pointed out that we declined to expand that power (to designate a custodian) "in the absence of a legislative mandate." Id., at 360 (1). *Blackmon* was decided in February 1980, and on March 24, 1980, the legislature amended § 68B-215 (e) by striking subsection (e) in its entirety and inserting in lieu thereof a new subsection (e), which provides, in pertinent part: "The Commissioner shall designate *members* of the Department to be the official *custodians* of the

records of the Department. Said *custodians* may certify copies or compilations . . . of the records . . . When so certified, such records shall be admissible as evidence in any . . . criminal proceeding . . ." (Emphasis supplied.) Ga. Laws 1980, p. 918; Code Ann. § 68B-215 (e), as amended. Thus, *Blackmon* is no longer controlling, as under the current law, effective July 1, 1980, the Commissioner can designate "members" of the Department of Public Safety to be custodians of official records, and the limitation of designating *one* custodian of records no longer exists. Accordingly, the documents were admitted properly.

4. Lastly, appellant contends the trial court erred by imposing a harsher sentence because he exercised his constitutional right to a trial by jury. This contention has been decided adversely to appellant. *Thompson v. State,* 154 Ga. App. 704, 709 (269 SE2d 474) (1980); *Stroud v. State,* 154 Ga. App. 852 (1) (270 SE2d 69) (1980).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 9, 1981.

*Philip B. Spivey,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.