## 70627. HEATON v. THE STATE.
### (334 SE2d 334)

BANKE, Chief Judge.

The defendant was convicted of burglary and of possession of tools for the commission of a crime. He appeals the denial of his motion for new trial.

Immediately prior to trial, the defendant informed the court that he wished to discharge his appointed counsel and represent himself. The court allowed him to do so but instructed appointed counsel to sit with him during the trial and provide such assistance as he might request.

The defendant was discovered hiding beneath a bench in a storage room inside S & S Food Store after police responded to a silent alarm from the store. A hammer and an open lockblade knife were seized from the back pocket of his pants at this time. The rear door of the store was observed to have been forcibly removed from its hinges, and a crowbar was found just inside. The defendant maintained during the course of his testimony at trial that this crowbar belonged to his mother. Two alleged accomplices were apprehended outside the store. *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find the defendant guilty of both offenses beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980). Consequently, the trial court did not err in denying the defendant's motion for directed verdict.

2. The trial court did not err in failing to grant the defendant a continuance to enable him to subpoena certain witnesses and obtain certain medical records, where no showing was made to establish the materiality of this evidence. Furthermore, the trial court offered to subpoena any witnesses desired by the defendant, even without a showing of materiality. Under the circumstances, the grant of a continuance was not required. Accord *Pulliam v. State*, 236 Ga. 460, 461-462 (224 SE2d 8) (1976). See generally OCGA §§ 17-8-20; 17-8-22.

3. As the defendant made no contention that he was insane or mentally ill at any time relevant to the proceedings, the court did not err either in failing to charge on the defense of insanity or in failing to charge, in accordance with OCGA § 17-7-13, that the jury could return a verdict of guilty but mentally ill. Accord *Kane v. State*, 163 Ga. App. 588 (2) (295 SE2d 551) (1982). The defendant's statement that prior to trial he had been an inmate in a mental institution raised no inference of a present lack of mental capacity on his part. See *Jackson v. State*, 149 Ga. App. 253 (253 SE2d 874) (1979).

4. The offenses of burglary and possession of tools for the commission of a crime did not merge so as to preclude a conviction of

both offenses. See *Smith v. Ault*, 230 Ga. 433 (1) (197 SE2d 348) (1973).

5. We reject the defendant's contention that he was denied an opportunity to present evidence in mitigation of punishment at the sentencing hearing. The record reveals that after the state's attorney had introduced evidence in aggravation, the defendant did not respond when asked if there was any other evidence in connection with the sentencing phase.

6. The trial court did not err in allowing the state's attorney to argue to the jury with reference to the defendant's conduct, "We can't have it. You can't have it in your businesses. You can't have it in your home. . . ." A district attorney may argue, with considerable latitude, the necessity for enforcement of the law and may impress upon the jury its responsibility in this regard. See *Flynt v. State*, 153 Ga. App. 232 (2) (264 SE2d 669) (1980), and cases cited therein. The defendant's reliance on *Locklear v. Morgan*, 129 Ga. App. 763 (5) (201 SE2d 163) (1973), is misplaced in that the holding in that case was based on counsel's argument of facts not in evidence.

7. The defendant's final contention is that he was unconstitutionally penalized for exercising his right to trial by jury by the court's action in sentencing him to serve 20 years for the burglary after the state's attorney had previously offered to recommend a 10-year sentence in return for a guilty plea. "This enumeration does no more than attack the constitutionality of plea bargaining and is without merit." *Stroud v. State*, 154 Ga. App. 852 (1) (270 SE2d 69) (1980).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1985.

*J. Fred Ivester*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy T. Jordan, Assistant District Attorneys*, for appellee.