## 72251. CRAPSE v. THE STATE.
### (349 SE2d 190)

POPE, Judge.

James Campbell Crapse, Jr. brings this appeal from his conviction and sentence of rape. *Held*:

1. In his first enumeration of error, appellant asserts the denial of a "timely and speedy trial." In particular, appellant assigns error to the trial court's twice denying his "Motion to Acquit for Failure of a Speedy Trial," the first time on February 21, 1984 and the second time on May 6, 1985.

(a) Appellant's first motion for acquittal was based upon the provisions of OCGA § 17-7-171 (b). For the reasons set forth in the previous appeal of this matter, *State v. Crapse*, 173 Ga. App. 100 (3) (325 SE2d 620) (1984), overruled on other grounds, *Hubbard v. State*, 176 Ga. App. 622 (1) (337 SE2d 60) (1985), we find no error in the trial court's ruling and, thus, no basis for reversal.

(b) Appellant's second motion for acquittal was based solely upon the Sixth Amendment to the United States Constitution.[1] The chronology of events relevant to this issue is as follows:

| | |
|---|---|
| February 5, 1980 | — 13 indictments returned against appellant alleging several sexual offenses (including the subject rape), burglary and terroristic threats; |
| March 28, 1980 | — appellant files a demand for trial on two of the indictments, burglary and assault with intent to commit rape; |
| May 28, 1980 | — appellant found not guilty by reason of insanity of the two charges named above; |
| June 13, 1980 | — appellant files, with the permission of the |

---

[1] Appellant's passing reference in his brief on appeal to his right to a speedy trial under our state constitution (Ga. Const. 1983, Art. I, Sec. I, Par. XI) does not raise a separate ground for our consideration here. *Milner v. State*, 180 Ga. App. 97, 98 n. 1 (348 SE2d 509) (1986). See also the dissenting opinion in *Perry v. Mitchell*, 253 Ga. 593, 596 (322 SE2d 273) (1984).

|  |  |
|---|---|
|  | trial court, a demand for trial on the remaining charges against him; |
| July 1, 1980 | — appellant is adjudged a mentally ill person who requires involuntary treatment for his illness and is ordered transferred to the custody of the Department of Human Resources; |
| May 11, 1981 | — a hearing is held and order entered finding that appellant does not meet the criteria for release under *Benham v. Edwards*, 501 FSupp. 1050 (N.D. Ga. 1980); |
| January 18, 1983 | — appellant is found to no longer meet the criteria for civil commitment; he is ordered released from Central State Hospital and ordered confined in the Chatham County jail; it is further held that appellant is now able to stand trial on the remaining charges against him; |
| April 22, 1983 | — following certain correspondence from appellant to the trial court and others, the court orders an updated psychiatric evaluation of appellant to determine his competency to stand trial; |
| May 23, 1983 | — appellant files a motion for an independent psychiatric examination; |
| June 21, 1983 | — psychiatrists report that appellant is competent to stand trial; |
| June 29, 1983 | — consent order entered providing for independent psychiatric examination of appellant; |
| October 6, 1983 | — notice of trial filed setting trial for week of October 31 through November 3; |
| November 8, 1983 | — following continued correspondence from appellant to the trial court et al., the court again orders a psychiatric examination of appellant to determine his competency to stand trial; |
| November 17, 1983 | — appellant moves to be discharged and acquitted of all pending indictments pursuant to OCGA §§ 17-7-170 and 171; |
| November 18, 1983 | — notice that appellant's motion would be heard November 28; |
| November 29, 1983 | — notice that appellant's motion would be heard December 8; |
| February 21, 1984 | — order entered discharging and acquitting |

|  | appellant of all charges except the subject rape; |
| February 27, 1984 | — certificate of immediate review issued by trial court from order denying appellant's motion for discharge and acquittal of the subject rape charge; |
| March 6, 1984 | — notice of appeal filed by appellant from February 21 order; |
| February 2, 1985 | — remittitur from Court of Appeals filed in trial court; |
| May 6, 1985 | — appellant files motion to acquit for failure of a speedy trial; order denying motion filed the same day; |
| May 15, 1985 | — order entered directing a current psychiatric examination of appellant by the same psychiatrist who had previously conducted the independent examination of appellant; |
| June 4-6, 1985 | — trial of appellant held on subject rape charge. |

In viewing a claim such as this, we are governed by the holding in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), which identifies four factors which courts should assess in determining whether a criminal defendant has been deprived of this right to a speedy trial: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. "We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." Id. at 533.

We consider the nearly 5-½-year delay between indictment and trial in this case to be presumptively prejudicial so as to warrant inquiry into the other factors that go into the balance. Turning first to the reason for the delay, we find no evidence whatsoever of a deliberate attempt by the State to delay the trial in order to hamper the defense. Rather, the State's failure to proceed to trial in this case was apparently due to the mistaken belief that appellant's civil commitment to Central State Hospital for treatment of his mental illness precluded same. *State v. Crapse*, supra. It should be pointed out, however, that although a criminal defendant has no duty to bring himself to trial, appellant also made no effort to pursue his demand for trial prior to his release from Central State Hospital. As can be seen from the foregoing chronology of events, the delay in bringing the case to trial following appellant's release was due as much, if not

more, to actions taken by appellant. We find these circumstances essentially neutral in determining whether appellant has been deprived of his right to a speedy trial.

Moreover, in light of these same circumstances, we likewise find appellant's assertion of his right here, although entitled to some weight, not entitled to strong evidentiary weight in determining deprivation. "Whether and how a defendant asserts his right is closely related to the other factors we have mentioned. The strength of his efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain." *Barker v. Wingo*, supra at 531. Only upon his release from involuntary commitment did appellant actively pursue his Georgia statutory right to a speedy trial, with its automatic acquittal provisions. And only upon his lack of success thereunder in regard to the subject rape charge did he pursue his right under the federal Constitution, one month before he was ultimately brought to trial.

This brings us to the fourth factor, prejudice to appellant. "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. [The United States Supreme] Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id. at 532. We do not find appellant's pretrial incarceration in this case, although lengthy, to have been oppressive. For approximately two and one-half years appellant underwent treatment for his mental illness. His subsequent motion for bail bond for release from the Chatham County jail was denied on the ground that he had committed the subject rape at a time when he had previously been free on bond on the charges for which he was ultimately acquitted by reason of insanity. Any anxiety and concern of appellant under these circumstances is entitled to little weight.

Finally, we find no prejudice to appellant's defense. Appellant asserts vague generalities about the forgetfulness of witnesses due to the passage of time, but points to nothing in the record on appeal showing that this was a problem here. Further, we are offered no explanation as to which witnesses were alleged to have been unavailable to the defense and why, or how their absence affected his defense. Perhaps most importantly, as time passed appellant's mental health improved. As stated in his brief: "As time went on, appellant came across more and more in his interpersonal relationships as a normal

person." Appellant alleges prejudice in this fact, however, arguing that it was more difficult for the jury in this case "to see how obviously ill and off center he was when he was sickest." We reject this notion out of hand, for the jury is to render its decision as to appellant's sanity at the time of the crime, not at the time of trial, assuming appellant is otherwise competent to stand trial.

" 'To sustain the prisoner's contention that there was a violation of his constitutional right to a speedy trial, not only must delay be shown, but that such delay was purposeful, oppressive, or prejudicial, none of which was shown in this case. [Cit.]' [Cit.]" *Hughes v. State*, 228 Ga. 593, 596 (187 SE2d 135) (1972). See *Perry v. Mitchell*, 253 Ga. 593 (322 SE2d 273) (1984); *State v. Lively*, 155 Ga. App. 402 (270 SE2d 812) (1980). Compare *United States v. Mann*, 291 FSupp. 268 (S.D.N.Y. 1968).

2. Appellant next assigns error to the trial court's refusal to allow in evidence the transcript and tape recording of his previous trial. It appears from the proffer made at trial that appellant sought only to admit his own testimony from the former case (in which he was found not guilty by reason of insanity) in an effort to bolster his insanity defense in this case. On appeal appellant argues that the doctrine of collateral estoppel set forth in *Ashe v. Swenson*, 397 U. S. 436 (90 SC 1189, 25 LE2d 469) (1970), bars the State from "relitigating" the issue of his sanity in the case at bar. We find no basis for appellant's interpretation of the holding in *Ashe v. Swenson* and further find that case factually inapposite to the issue here. In our view, appellant's mental state at his previous trial was irrelevant to any issue in this case and thus was properly excluded. See OCGA § 24-2-1. See also *Knight v. State*, 143 Ga. 678 (7) (85 SE 915) (1915). Furthermore, appellant made no showing of his inaccessibility or inability to testify in this case and did, in fact, testify on his own behalf. See generally *Crumm v. Allen & Co.*, 11 Ga. App. 203 (2) (75 SE 108) (1912). This enumeration of error presents no ground for reversal.

3. Following the trial court's charge to the jury, appellant objected to the absence of a charge to the effect that a person's mental state, once proved to exist, is presumed to continue. Although there was no written request for such a charge, the trial court recalled the jury and instructed them generally as to this presumption. See OCGA § 24-4-21. Under these circumstances, appellant's assertion on appeal that this charge was "inadequate" provides no basis for reversal. See *Whiteway Laundry v. Childs*, 126 Ga. App. 617 (8) (191 SE2d 454) (1972); *Wells v. State*, 126 Ga. App. 130, 134 (190 SE2d 106) (1972). See also *Shirley v. State*, 245 Ga. 616 (3) (266 SE2d 218), cert. den., 449 U. S. 879 (1980).

4. Lastly, appellant contends that the trial court erred by imposing a harsher sentence because he exercised his right to a trial by jury.

This contention has been decided adversely to appellant in *Thompson v. State*, 154 Ga. App. 704 (5) (269 SE2d 474) (1980).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 2, 1986 —
REHEARING DENIED SEPTEMBER 18, 1986

*Stephen H. Harris*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *David T. Lock, Gregory M. McConnell*, Assistant District Attorneys, for appellee.