## A89A0866. ALLEN v. THE STATE.
(388 SE2d 889)

CARLEY, Chief Judge.

Appellant was indicted for burglary with intent to commit rape, aggravated child molestation, two counts of aggravated assault, simple battery, criminal trespass, possession of cocaine and recidivism. During plea bargaining, the State apparently offered appellant a sentence of five years to serve. Appellant rejected the offer and was tried before a jury. He was found guilty of simple battery, criminal trespass, possession of cocaine and recidivism and not guilty of the remaining charges. During the sentencing hearing, the trial court stated that imposition of a fifteen-year sentence on the drug count was mandatory. Defense counsel asked "Why . . . five?" and the trial court responded "No." According to the transcript, defense counsel then made an "unintelligible" comment to which the trial court responded: "Not if you screw around for two or three days after you had a chance." Appellant was then given a fifteen-year sentence on the drug count, eight years to serve and seven years on probation, and concurrent twelve-month sentences on the remaining counts. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

In his sole enumeration of error, appellant attacks the validity of the sentence imposed on the drug count. Although a fifteen-year sentence would be mandated under the applicable statutory provisions (see OCGA §§ 16-13-30 (c); 17-10-7 (a)), appellant contends that the requirement that he serve eight years of that sentence is "harsher" than the five years that he would have been required to serve had he accepted the State's plea bargain and that this "harsher" sentence is the unconstitutional result of "judicial vindictiveness." The above-quoted statement made by the trial court in the sentencing hearing is cited as demonstrating that the sentence to serve eight years was "vindictively" imposed because appellant elected to stand trial for "two or three days" rather than to accept the "chance" offered to him by the plea bargain of serving only five years.

There is some doubt whether the statement made by the trial court during the sentencing hearing is even subject to the construction that is placed upon it by appellant. As noted, the comment of defense counsel which prompted the trial court's statement is itself "unintelligible" and the record does not demand the conclusion that the "two or three days" to which the trial court referred in its response to that "unintelligible" comment is a reference to appellant's

election to stand trial or that the "chance" to which it also referred is a reference to the plea bargain. However, even assuming that appellant's interpretation of the trial court's statement is accurate, it is nevertheless clear that such cases as discuss the unconstitutionality of "vindictive" sentencing deal "with the State's unilateral imposition of a penalty upon a defendant who had chosen to exercise a legal right to attack his original conviction — a situation 'very different from the give-and-take negotiation common in plea bargaining between the prosecution and defense, which arguably possess relatively equal bargaining power.' [Cit.]" *Bordenkircher v. Hayes*, 434 U. S. 357, 362 (IV) (98 SC 663, 54 LE2d 604) (1978). The present case does not involve a demonstrably harsher *second sentence* imposed upon appellant after a successful attack upon his original conviction. The present case represents appellant's attack upon his *original sentence*, and that attack arises in the "very different" context of his receipt of a less lenient sentence than *may* have been imposed had he not rejected the State's plea bargain. "A guilty plea may justify leniency, [cit.]; a prosecutor may offer a 'recommendation of a lenient sentence or a reduction of charges' as part of the plea bargaining process, [cit.] and *we have upheld the prosecutorial practice of threatening a defendant with increased charges if he does not plead guilty, and following through on that threat if the defendant insists on his right to stand trial,* [cit.]; we have recognized that the same mutual interests that support the practice of plea bargaining to avoid trial may also be pursued directly by providing for *a more lenient sentence if the defendant pleads guilty.* [Cit.]" (Emphasis supplied.) *Alabama v. Smith*, 490 U. S. ___, ___ (109 SC 2201, 104 LE2d 865, 875) (1989).

"*While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices (is) an inevitable' — and permissible — 'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'* [Cit.] It follows that, by tolerating and encouraging the negotiation of pleas, *this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.*" (Emphasis supplied.) *Bordenkircher v. Hayes,* supra at 364 (IV). Accordingly, even assuming that the trial court did impose a "harsher" sentence than it otherwise may have been inclined to impose had appellant accepted the plea bargain, there was no unconstitutional "vindictiveness" in so doing. The trial court was merely "following through" on the inevitable and permissible "threat" which is implicit in any plea bargain situation — that rejection of the plea bargain may diminish or destroy the very rationale for the imposition of a lenient sentence. " 'For those who plead

(guilty), that fact itself is a consideration in sentencing, a consideration that is not present when one is found guilty by a jury.' [Cit.] . . . 'It cannot be said that defendants found guilty by a jury are "penalized" for exercising the right to a jury trial any more than defendants who plead guilty are penalized because they give up the chance of acquittal at trial. In each instance, the defendant faces a multitude of possible outcomes and freely makes his choice. Equal protection does not free those who made a bad assessment of risks or a bad choice from the consequences of their decision.' [Cit.] Here the underlying reason for the [lenient] sentence — [appellant's acceptance of the plea bargain] — was eliminated when [that plea bargain was rejected] and [appellant] elected to exercise [his] constitutional right to trial by jury. The Supreme Court has 'unequivocally recognize(d) the constitutional propriety of extending leniency in exchange for a plea of guilty and *of not extending leniency to those who have not demonstrated those attributes on which leniency is based.*' [Cit.] (Emphasis supplied.) *Thompson v. State*, 154 Ga. App. 704, 709 (5) (269 SE2d 474) (1980).

The Supreme Court of the United States has not held that the Federal Constitution forbids the imposition of a less lenient sentence when a criminal defendant rejects a plea bargain and insists upon his right to trial. A criminal defendant should not be allowed to reject a sentence concession that is offered in return for a guilty plea and then bind the State to that rejected original lenient sentence even though he is later convicted after a trial. To hold otherwise would allow a criminal defendant to go to trial and seek an acquittal knowing that, even if unsuccessful, he would receive a sentence which is no less lenient than that he was originally offered. "[A]fter trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present." *Alabama v. Smith*, supra at 875. Appellant's "enumeration does no more than attack the constitutionality of plea bargaining and is without merit. [Cits.]" *Stroud v. State*, 154 Ga. App. 852 (1) (270 SE2d 69) (1980).

*Judgment affirmed. Deen, P. J., McMurray, P. J., Birdsong, Sognier and Pope, JJ., concur. Banke, P. J., Benham and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

It does not appear whether the State's offer of a sentence of five years to serve, for all charges, would have been a recommendation or negotiated, but in either event it was rejected by defendant and he went to trial. Counsel asserts that this was because he did not want to plead guilty to the sex offenses, of which he was ultimately acquitted, but this reason was not explained to the trial court when the failed plea bargain was discussed.

Defendant contends that judicial vindictiveness is indicated because of certain comments made by the court during the sentence hearing. The court stated to the prosecuting attorney: "You offered him five. I'd like to give him seven," and then remarked with reference to defendant: "I don't think he was anything but coked out of his damn head, just like the jury did." When defense counsel protested the sentence and sought five years, the court retorted as quoted in the majority opinion. It is argued that this was a clear reference to defendant's choosing trial rather than pleading guilty.

There is no constitutional deprivation or violation per se arising from a defendant's being sentenced after trial for a term in excess of the amount he was offered during plea bargaining. *Corbitt v. New Jersey*, 439 U. S. 212, 218 (99 SC 492, 58 LE2d 466) (1978); *Bordenkircher v. Hayes*, 434 U. S. 357, 363 (98 SC 663, 54 LE2d 604) (1978). *Crapse v. State*, 180 Ga. App. 321, 325 (4) (349 SE2d 190) (1986); *Tutton v. State*, 179 Ga. App. 462, 463 (3) (346 SE2d 898) (1986); *Heaton v. State*, 175 Ga. App. 735, 736 (7) (334 SE2d 334) (1985); *Milner v. State*, 159 Ga. App. 887, 889 (285 SE2d 602) (1981); *German v. State*, 159 Ga. App. 638 (1) (284 SE2d 654) (1981); *Bennett v. State*, 158 Ga. App. 421, 428 (9) (280 SE2d 429) (1981); *Stroud v. State*, 154 Ga. App. 852 (1) (270 SE2d 69) (1980). Because the imposition of difficult choices is an inevitable attribute of plea negotiations, fear of the possibility of greater punishment after a trial is a legitimate decisional factor. *Bordenkircher*, supra; *Chaffin v. Stynchcombe*, 412 U. S. 17, 29 (93 SC 1977, 36 LE2d 714) (1973); *Thompson v. State*, 154 Ga. App. 704, 708 (5) (269 SE2d 474) (1980).

Nonetheless, an accused may not be judicially punished for exercising his constitutionally guaranteed right to a jury trial. *Alabama v. Smith*, 490 U. S. ___ (109 SC 2201, 104 LE2d 865) (1989) reemphasized this. To pursue a course of action the objective of which is to penalize a person's reliance on his legal rights is a "flagrant violation" and "patently unconstitutional." *Bordenkircher*, supra; *Pearce v. North Carolina*, 395 U. S. 711, 723-5 (89 SC 2072, 23 LE2d 656) (1969).

The application of OCGA § 17-10-7 (a) in conjunction with OCGA § 16-13-30 (c) as to the drug count required the fifteen-year sentence imposed but also retained trial court discretion to probate or suspend the prescribed sentence. The record of the court's statements at sentencing is evidence of a judicial retaliatory motive insofar as the allocation of time served is concerned.

While defendant may suffer the consequences of his choice to be tried, including a more severe sentence, the Federal Constitution forbids the imposition of punishment when it comprises, at least in part, a penalty for the exercise of a legal right to trial. The decision in *Thompson*, supra at 708-709, recognized this when the specific finding

was made that the trial court's action in imposing sentence was not "vindictive" within the meaning of *Pearce*, supra. Without this factual basis the rest of *Thompson* would be mere rhetoric. In *Sparks v. State*, 176 Ga. App. 8, 12 (3) (335 SE2d 298) (1985) [physical precedent], it was argued that the trial court erred in assessing a harsher sentence because defendant elected to enter a not guilty plea, putting the State to the trouble of proving guilt. The author, with whom another panel member agreed, observed: "We would agree with [defendant] if we were satisfied that the trial judge was so motivated."

In brief, a more severe sentence may be imposed but only where its rationale or motivation is not tainted with "vindictiveness." In recognition of this fundamental principle the Uniform Superior Court Rules, promulgated by the Supreme Court, admonish: "The judge should not impose upon a defendant any sentence in excess of that which would be justified by any of the rehabilitative, protective, deterrent or other purposes of the criminal law merely because the defendant has chosen to require the prosecution to prove his guilt at trial rather than to enter a plea of guilty or *nolo contendere*." (Emphasis in original.) USCR 33.6 (B).

The appearance of vindictiveness jeopardizes the sentence and requires its reversal. If it is to be reimposed, a constitutionally permissible explanation must be made because of the prior comments; in any event, the imposition of sentence must be devoid of the vindictiveness described in *Alabama v. Smith*, supra, and cases cited therein.

I recognize that *Alabama v. Smith* involved a vacated guilty plea followed by a trial, that is, two court sentencings, whereas this case involves only a sentence offer by the State and one post-trial court sentencing. See also *Thompson*, supra. In defendant's case the sentence complained of does not follow a less severe but voided sentence, that is, two judicial decisions regarding the appropriate sentence. Instead, it follows a less severe plea bargaining offer of which the court was aware when fashioning the sentence. However, the prohibition against improper motive as outlined in *Alabama v. Smith*, supra, applies as well, because of the root problem.

I am authorized to state that Presiding Judge Banke and Judge Benham join in this dissent.

DECIDED NOVEMBER 27, 1989.

*John V. Lloyd*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell,*

*Assistant District Attorney*, for appellee.