A04A0259. STUART v. THE STATE.
(600 SE2d 629)

JOHNSON, Presiding Judge.

A Gordon County grand jury indicted Stanley Max Stuart for sixteen counts of financial transaction card fraud, two counts of violation of the Georgia Controlled Substances Act, and three counts of possession of a firearm by a convicted felon. The state entered an order of nolle prosequi with respect to the controlled substances violations. Stuart pled guilty to the firearm possession charges. After a trial, the jury convicted Stuart of five counts of financial transaction card fraud and found him not guilty on the remaining fraud charges. On appeal, Stuart claims (i) his convictions for financial transaction card fraud were contrary to the evidence, (ii) the trial court erred in denying his motion to suppress the firearms found by police at the time of his arrest, and (iii) his sentence was unconstitutional because it was vindictive and violated his right to a trial by jury. For the reasons set forth below, we disagree and affirm.

1. Stuart claims the evidence was insufficient to support his convictions for financial transaction card fraud.[1] On appeal from a criminal conviction, the appellant no longer enjoys the presumption

---

[1] In relevant part, OCGA § 16-9-33 (a) provides:

of innocence, and we view the evidence in a light most favorable to the verdict.[2]

> When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence.[3]

So viewed, the evidence shows that members of Stuart's family, including his stepdaughter, Misty Lackey, Lackey's husband, Walter Allen Lackey, and Stuart's wife, Julia Stuart, participated in a scheme whereby they obtained Wal-Mart credit cards in the names of nonexistent businesses and used the cards to buy goods for their own use with no intention of repayment. Stuart was charged with financial transaction card fraud in connection with credit cards issued in the names of two of these businesses, Stuart Body Shop and Stuart Detail Shop, but the jury found Stuart guilty only in connection with use of the Stuart Detail Shop card.[4]

The transactions involving the Stuart Detail Shop card were: (i) an April 13, 2001 purchase in the amount of $319.81, signed for by Julia Stuart, (ii) an April 13, 2001 purchase in the amount of $1,379.46, signed for by "Stuart Detail," (iii) an April 14, 2001 purchase in the amount of $985.43, signed for by "Stuart Detail Shop," (iv) an April 16, 2001 purchase in the amount of $1,363.28, signed for by "Stuart Detail Shop," and (v) an April 21, 2001 purchase in the amount of $385.93, signed for by "Stuart Detail Shop." These purchases were made in a Wal-Mart store located in Gordon County. A substantial portion of the purchases was for gift cards and clothing, and a jury would be authorized to conclude that the purchased items were not intended for use in a business.

---

A person commits the offense of financial transaction card fraud when with intent to defraud the issuer; a person or organization providing money, goods, services, or anything else of value; or any other person, he: (1) Uses for the purpose of obtaining money, goods, services, or anything else of value: . . . (C) The financial transaction card account number of a financial transaction card which he or she knows has not in fact been issued or is forged, altered, expired, revoked, or was obtained as a result of a fraudulent application in violation of subsection (d) of this Code section.

[2] *Smith v. State*, 253 Ga. App. 504 (559 SE2d 537) (2002).

[3] (Citations omitted.) *Mickens v. State*, 277 Ga. 627-628 (593 SE2d 350) (2004).

[4] There was evidence that a Stuart Body Shop existed and that a $50 payment was made on the Stuart Body Shop card.

Stuart argues that he is not shown to have signed the credit card slips for the transactions for which he was convicted. As to the signatures, the jury had access to a number of credit card slips signed in the name of Stanley Stuart, and were not necessarily precluded from finding that Stuart signed one or more of the slips for Stuart Detail Shop card transactions. Even if we agree that the evidence does not show that Stuart personally signed for these purchases, a jury could conclude that Stuart aided and abetted the fraudulent use of the card in light of evidence showing Stuart agreed to Misty Lackey's offer to obtain the Stuart Detail Shop card for her use, that there was no actual business constituting the Stuart Detail Shop, that Stuart was aware of his co-defendants' scheme to commit fraud through the use of credit cards, and that he was seen often in the Wal-Mart store where the fraudulent purchases occurred. Under Georgia law, "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime," including a person who "intentionally aids or abets in the commission of the crime."[5] We conclude that a rational trier of fact could have found Stuart guilty of financial transaction card fraud beyond a reasonable doubt.

2. Stuart claims that the trial court erred in denying his motion to suppress evidence of firearms found in his residence. Because Stuart pled guilty to the charges of possession of a firearm by a convicted felon, he has waived this issue.[6]

3. The trial court sentenced Stuart to fifteen years, with ten years to serve in confinement and the remainder to serve on probation. Stuart claims this sentence was impermissibly vindictive because, although the jury found him not guilty on the majority of the counts against him, the time to serve portion of his sentence was five times greater than he would have received had he pled guilty to all charges. Stuart does not contend that there was any vindictive behavior on the part of the trial court other than the length of the sentence.

In *Allen v. State*,[7] we ruled that if the "trial court did impose a 'harsher' sentence than it otherwise may have been inclined to impose had appellant accepted the plea bargain, there was no unconstitutional 'vindictiveness' in so doing."[8] In view of *Allen* and as Stuart's sentence is otherwise permitted by statute,[9] the trial court did not err in its sentencing.

---

[5] OCGA § 16-2-20.

[6] *Thompson v. State*, 240 Ga. App. 539, 540 (2) (524 SE2d 239) (1999). See also *Hooten v. State*, 212 Ga. App. 770, 775 (1) (442 SE2d 836) (1994).

[7] 193 Ga. App. 670 (388 SE2d 889) (1989).

[8] Id. at 671.

[9] OCGA §§ 16-9-33 (c); 16-9-38.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED MAY 18, 2004.

*Rodney L. Mathis,* for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney,* for appellee.