## A06A0083. BECKER v. THE STATE.
(633 SE2d 436)

BARNES, Judge.

Following the denial of his motion for new trial, Bradford J. Becker appeals his convictions for two counts of driving under the influence, being a habitual violator, and failure to maintain a lane. On appeal, he argues that the evidence was insufficient to support his conviction, and that the trial court erred in admitting evidence of a similar transaction.

1. On appeal, this court will not weigh evidence or determine witness credibility; that is the function of the jury. *Moore v. State*, 274 Ga. App. 432 (618 SE2d 122) (2005). Instead, we construe the evidence in the light most favorable to the verdict to determine whether it was sufficient to authorize a rational trier of fact to find Becker guilty of these offenses beyond a reasonable doubt. *Wingfield v. State*, 226 Ga. App. 448 (1) (486 SE2d 676) (1997).

So viewed, the evidence shows that on October 5, 2002, a witness observed as a truck "c[a]me off the road, went under the guide wire of the telephone pole and landed in the ditch." She called 911, and reported to the operator that two men had gotten out of the truck, and were walking down the street "arm-in-arm, holding each other up." She testified that the man on the driver's side was dark-haired and had on a dark shirt, and the other man had whiter hair and was wearing a light shirt.

A Georgia State Patrol officer responded to the accident and as he was questioning the witness, a man drove up and complained that two men were lying in his front yard. The officer went to look for the men, and found them walking hand-in-hand a short distance from the man's home. The officer testified that both men were intoxicated and had a strong odor of alcohol. One of the men, later identified as Becker, told the officer that the truck in the ditch was his and that they had been involved in an accident.

The officer drove the men back to the site of the accident where the witness identified Becker as the driver of the truck. However, the passenger told the officer that he was the driver. The officer noticed that Becker had cuts and scratches on his left leg that, based on his training and experience, were consistent with injuries that would have resulted from being behind the wheel and the impact sustained by the driver's side of the truck. Becker also had a red knot on his forehead that matched a break in the windshield on the driver's side. The other man did not have any similar injuries. There was a strong odor of alcohol in the truck, several empty beer cans, and some full beer cans "still in a cardboard case-type box like beer comes in."

In a conversation between Becker and the passenger that was recorded on video while the men were alone in the state trooper's

cruiser, Becker told the passenger that he should say that he was driving because Becker would not spend another night in jail. Becker also said that the passenger should have been driving when the wreck occurred.

Becker's blood alcohol level registered 0.210 approximately two hours after the accident. Becker also stipulated to the fact that he had been declared a habitual violator.

Becker maintains that the evidence was insufficient to sustain his convictions. Although he argues that no evidence established that he was operating the vehicle at the time, based on the positive identification from the witness, the testimony from the arresting officer about Becker's injuries, and the taped conversation between Becker and the passenger, we find sufficient evidence upon which any rational trier of fact could have based a verdict of guilty as to the charges. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It was the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicting evidence regarding who was driving the car. *Harris v. State*, 190 Ga. App. 516, 517 (1) (379 SE2d 600) (1989).

2. Becker also contends that the trial court erred in admitting evidence of a 1997 DUI arrest involving a one-vehicle crash because the testifying state trooper could not independently recall the facts surrounding the event. He argues that the State failed to establish that the similar transaction was sufficiently similar to the current charge.

Georgia courts limit the introduction of independent criminal acts to those that have a logical connection to the crime being tried. *Hudson v. State*, 271 Ga. 477, 479 (2) (521 SE2d 810) (1999). In order to admit this "similar transaction" evidence, the State must first show (1) that the evidence is offered for a proper purpose; (2) that sufficient evidence exists that the defendant committed the similar transaction; and (3) that there are enough similarities between the other transaction and the charged offense that proof of the former tends to prove the latter. *Ford v. State*, 239 Ga. App. 257, 258 (2) (520 SE2d 923) (1999). A proper purpose for the introduction of the evidence would be to establish motive, intent, plan, identity, bent of mind or course of conduct. *Jones v. State*, 236 Ga. App. 330, 332 (1) (b) (511 SE2d 883) (1999).

Before trial, the State proffered evidence that, in 1997, Becker pleaded guilty to DUI after he was involved in a one-car accident in which he lost control of his vehicle, went off the road and struck a tree or mailbox. During trial, the prosecutor called the arresting state patrol officer to testify about the 1997 incident. The officer testified about the circumstances surrounding the 1997 arrest and used the accident report and citations to refresh his memory.

Becker argues that because the officer had no independent recollection of the accident, the State's proffer at the similar transaction hearing was not substantiated. He maintains that the introduction of a certified copy of a prior conviction alone is not sufficient evidence of the nexus between the independent crime and the crime charged.

The State's establishment of a prima facie case of similarity at the pre-trial hearing does not satisfy the State's evidentiary burden at trial. *Stephens v. State*, 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991). Thus, as Becker points out, it is error to admit similar transaction evidence based solely upon a certified copy of a prior conviction. *Screven v. State*, 203 Ga. App. 821, 821-822 (1) (419 SE2d 155) (1992).

In this case, however, the State produced both the testimony of the arresting officer in the 1997 incident and a certified copy of Becker's conviction for that crime. Taken together, this evidence was sufficient to render the 1997 conviction admissible as a prior similar transaction. "A certified copy of a prior conviction may be used to supplement and in conjunction with testimonial evidence corroborating a similar transaction." *Nelson v. State*, 242 Ga. App. 63, 65 (5) (528 SE2d 844) (2000).

Thus, because the evidence sufficiently established the similarity between the 1997 offense and the crime charged, we find no merit to Becker's argument and discern no error.

To the extent Becker argues that it was error for the officer in the 1997 offense to use the police report of the incident during his testimony, pursuant to OCGA § 24-9-69, "[a] witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he shall finally speak from his recollection thus refreshed."

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED JUNE 23, 2006.

*Lawrence W. Daniel*, for appellant.

*David McDade, District Attorney, James E. Barker, Christopher R. Johnson, Assistant District Attorneys*, for appellee.