A06A2062. MOORE v. THE STATE.
(642 SE2d 163)

BERNES, Judge.

A DeKalb County jury convicted Alfred Moore of arson in the first degree and criminal trespass. The trial court denied Moore's motion for a new trial and subsequently granted him permission to file an out-of-time appeal. This appeal followed in which Moore contends that his trial counsel was ineffective for failing to object to certain

hearsay testimony elicited by the prosecutor during redirect examination.[1] Moore also contends that the trial court improperly imposed a greater sentence after trial than was promised to him before trial in return for a guilty plea. Finding no reversible error, we affirm.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the jury verdict. *Becker v. State*, 280 Ga. App. 97 (1) (633 SE2d 436) (2006). So viewed, the evidence shows that at all times relevant to this case, the victim, Moore's sister, lived in a private residence in DeKalb County. Moore had lived with the victim in the past. Approximately one week before the incident, Moore asked the victim if he could move back in with her. The victim refused and told him that she did not want him staying at her house. In response, Moore said that "if he couldn't stay there, wasn't nobody going to stay there."

On the morning of the incident, Moore showed up at the victim's residence as she was preparing to go to physical therapy. The victim's granddaughter, who was residing at the victim's home at the time, overheard Moore and the victim arguing outside the residence. The victim told Moore to leave the premises and then left for her therapy appointment.

Approximately 20 minutes later, the granddaughter heard a dog barking outside. Sensing that something might be wrong, she came outside onto the porch and saw smoke coming around the right side of the house. The smoke was emanating from the bricks where the kitchen was located. Moore then came around from the right side of the home carrying a red gasoline can. The granddaughter called Moore's name. Moore looked at her with a "paranoid" look on his face, threw the gasoline can into the yard, and kept walking. The granddaughter called after him, "[Y]ou're just going to leave after you done set the house on fire?" Moore said nothing and continued walking.

A neighbor called 911, and the fire department arrived at the scene. Arson investigators with the DeKalb County Fire Investigation Unit also came to the residence. A strong odor of gasoline was detected along the brick exterior where the fire was located. Based on their investigation, the arson investigators concluded that the fire had been intentionally set on the exterior of the home near the kitchen.

---

[1] In a separate enumeration of error, Moore claims that the same hearsay testimony violated his Sixth Amendment right to confront the witnesses against him. Moore's trial counsel, however, failed to object to the hearsay testimony at trial. As such, Moore's Sixth Amendment claim has been waived, and we decline to consider it. See *Inman v. State*, 281 Ga. 67, 70 (3) (a), n. 7 (635 SE2d 125) (2006); *Walton v. State*, 278 Ga. 432, 434 (1) (603 SE2d 263) (2004).

1. Moore claims that he was denied the effective assistance of counsel when his trial attorney failed to object to hearsay testimony elicited by the prosecutor during redirect examination of one of the arson investigators.

> To prevail on a claim of ineffective assistance of trial counsel, [Moore] must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

*Myers v. State*, 275 Ga. 709, 713 (4) (572 SE2d 606) (2002), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If Moore fails to satisfy either the deficiency prong or the prejudice prong of the *Strickland* test, this Court is relieved from analyzing the other prong. *Williams v. State*, 277 Ga. 853, 857-858 (6) (a) (596 SE2d 597) (2004).

During its case-in-chief, the state called an arson investigator with the DeKalb County Fire Investigation Unit to discuss his investigation of the fire and to provide expert testimony about what caused it. On cross-examination, Moore's trial counsel attempted to show that the investigator's knowledge about who caused the fire came only from his interview with the granddaughter. This was in an apparent effort to show that the allegations against Moore were untrue and motivated by a family squabble. The cross-examination was as follows:

> [DEFENSE:] Now, as far as the red gas can goes, all you know about it is what [the granddaughter] told you; isn't that correct?
> [INVESTIGATOR:] That's correct.
> [DEFENSE:] Okay. And you did not dust it for fingerprints?
> [INVESTIGATOR:] No.
> [DEFENSE:] To your knowledge, has anybody ever dusted it for fingerprints?
> [INVESTIGATOR:] According to our lab, no.
> . . .
> [DEFENSE:] Okay. You honestly — I mean, you can't say how long it's been laying there. All you can go by is [the granddaughter's] word. But of your own personal knowledge, you don't know how long it laid there?
> [INVESTIGATOR:] That's correct.
> [DEFENSE:] And you don't know whether or not the defendant handled it?
> [INVESTIGATOR:] That's correct.

[DEFENSE:] Okay. And, in fact, aside from your investigation into the origins of the fire, the only thing you know about this is what [the granddaughter] told you; isn't that correct?
[INVESTIGATOR:] Besides from?
[DEFENSE:] Well, I mean, you understand — you did your fire investigation, but as to who started it or how, you know, who started it, you don't know, do you?
[INVESTIGATOR:] That's correct.

On redirect examination, the prosecutor without objection elicited testimony from the investigator that there was in fact another eyewitness to what had occurred besides the granddaughter. Specifically, the prosecutor brought out on redirect that the investigator also had interviewed a former neighbor of the victim, who told him that she saw Moore walking away from the burning home with the gas can in his hand and then saw him drop the gas can. The neighbor, who had since moved and could not be located by the state, did not testify at trial.

In his motion for new trial, Moore maintained that the investigator's testimony about what the victim's neighbor told him was testimonial hearsay, the introduction of which violated his right to confront and cross-examine a witness against him pursuant to the Confrontation Clause of the Sixth Amendment to the United States Constitution and *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).[2] In response, the state argued that Moore's trial counsel opened the door to the hearsay testimony during cross-examination of the arson investigator, and that, as a result, any objection to the testimony would have failed and thus could not serve as the basis for an ineffective assistance claim.[3]

We conclude that even if the hearsay testimony was wrongfully admitted under *Crawford* and Moore's trial counsel was deficient for failing to object, Moore has failed to demonstrate that he was prejudiced as a result. The neighbor's hearsay testimony was merely

---

[2] In *Crawford*,
the United States Supreme Court held that the admission of out-of-court statements that are testimonial in nature violates the Confrontation Clause unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. When the statement at issue is non-testimonial in nature, however, the [s]tate's normal rules regarding the admission of hearsay apply.
*Little v. State*, 280 Ga. App. 60, 62-63 (2) (633 SE2d 403) (2006).

[3] Moore did not separately claim that his trial counsel was ineffective for opening the door on cross-examination to the hearsay testimony elicited on redirect. Accordingly, Moore has waived any claim of ineffectiveness on that separate ground. *Moore v. State*, 279 Ga. 45, 47-48 (8) (609 SE2d 340) (2005). Nevertheless, an ineffective assistance claim on that ground would have failed, since Moore cannot show that he was prejudiced by the hearsay testimony, as explained supra.

cumulative of the granddaughter's properly admitted testimony, and so it is unlikely that the jury would have reached a different verdict if the hearsay testimony had not been admitted. See *Gay v. State*, 279 Ga. 180, 182 (2) (611 SE2d 31) (2005) (*Crawford* violation is harmless and nonprejudicial where the inadmissible testimony "was cumulative of other admissible evidence") (citation omitted). See also *Buttram v. State*, 280 Ga. 595, 597 (4) (631 SE2d 642) (2006).

Moore, however, contends that the neighbor's testimony was critical and not merely cumulative because the other eyewitness, the granddaughter, was one of his family members. As such, Moore argues that the neighbor's testimony likely affected the outcome of the trial because it was the only eyewitness testimony provided by an objective third party. We disagree. While the granddaughter may have been a family member, that alone did not call her testimony into question, since Moore failed to present any plausible explanation for why she would lie about what she saw. Nor did Moore otherwise impeach the granddaughter's eyewitness testimony. Under these circumstances, Moore cannot show that a reasonable probability exists that the outcome of the trial would have been different, absent the introduction of the inadmissible testimony. Compare *Richard v. State*, 281 Ga. 401, 404 (1) (637 SE2d 406) (2006) (introduction of testimony inadmissible under *Crawford* was harmless, when the testimony was cumulative of other evidence that was not effectively impeached), with *Brawner v. State*, 278 Ga. 316, 319 (2) (602 SE2d 612) (2004) (introduction of eyewitness testimony inadmissible under *Crawford* was not harmless, when the testimony of two other eyewitnesses was "repeatedly called into question when they were cross-examined"). The trial court therefore committed no error in denying Moore's motion for new trial on ineffective assistance grounds.

2. Moore next claims that the trial court punished him for exercising his right to a jury trial by imposing a sentence upon him that was greater than the sentence he would have received if he had pled guilty. During the pretrial proceedings, the trial court indicated that it would agree to sentence Moore to "somewhere in the neighborhood of three years" imprisonment on the arson count. Moore refused to plead guilty. After the jury found Moore guilty, and after the state introduced evidence during sentencing of Moore's four prior felony convictions, the trial court sentenced Moore as a recidivist to twenty years to serve fifteen years. See OCGA § 17-10-7. On appeal, Moore contends that this increase in his sentence after trial was improper under *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969).

We are unpersuaded. As an initial matter, *Pearce* is inapposite, since that case involved a situation where a first trial had been set aside on appeal, and the trial court then imposed a greater sentence

following a new trial. See *Pearce*, 395 U. S. at 713. See also *Price v. State*, 281 Ga. App. 844, 846, n. 5 (637 SE2d 468) (2006) (finding *Pearce* inapplicable where trial court gave defendant greater sentence after trial than promised before trial in return for pleading guilty). Rather, this case is controlled by *Allen v. State*, 193 Ga. App. 670, 671-672 (388 SE2d 889) (1989), where we held that

> even assuming that the trial court did impose a harsher sentence than it otherwise may have been inclined to impose had appellant accepted the plea bargain, there was no unconstitutional vindictiveness in so doing. The trial court was merely following through on the inevitable and permissible threat which is implicit in any plea bargain situation — that rejection of the plea bargain may diminish or destroy the very rationale for the imposition of a lenient sentence.... A criminal defendant should not be allowed to reject a sentence concession that is offered in return for a guilty plea and then bind the State to that rejected original lenient sentence even though he is later convicted after a trial. To hold otherwise would allow a criminal defendant to go to trial and seek an acquittal knowing that, even if unsuccessful, he would receive a sentence which is no less lenient than that he was originally offered.

(Punctuation omitted.) Id. "In view of *Allen* and as [Moore's] sentence is otherwise permitted by statute, the trial court did not err in its sentencing." (Footnote omitted.) *Stuart v. State*, 267 Ga. App. 463, 465 (3) (600 SE2d 629) (2004). See OCGA §§ 16-7-60 (c); 17-10-7 (a), (c). See also *Benjamin v. State*, 269 Ga. App. 232, 233 (2) (603 SE2d 733) (2004).

*Judgment affirmed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 9, 2007.

*Carl P. Greenberg*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.