## S01A0001. CARREKER v. THE STATE.
### (541 SE2d 364)

HUNSTEIN, Justice.

Stacy Carreker was convicted of murder, aggravated assault and possession of a firearm during the commission of a crime arising out of the shooting death of Verdell Willis.[1] Finding no error in the trial court's evidentiary rulings or its instructions to the jury, we affirm.

1. The jury was authorized to find that after Carreker's teenage brother had a gang-related fight with a girl at school, the brother taunted the girl's cousin, Verdell Willis, at a nearby parking lot, prompting an altercation during which Willis allegedly pointed a rifle at the brother. Carreker was enraged when he learned about the incident and made statements to various witnesses indicating his intent to harm Willis in retaliation. Carreker gathered other members of his gang, borrowed a gun and drove with four men to the Willis home within thirty minutes of learning about the incident. The victim was outside retrieving an item from his truck. Carreker shouted at the victim and then fired a .38 caliber handgun at Willis through a car window. Willis, who was hit in the chest, fired a shot from his rifle before succumbing to his fatal injury. Carreker testified at trial that in response to Carreker asking the victim if he could talk

---

[12] *Jeffries v. State*, 272 Ga. 510, 512 (4) (530 SE2d 714) (2000).

[1] The crimes occurred on February 11, 1999. Carreker was indicted May 3, 1999 in Talbot County. He was found guilty on December 3, 1999 and was sentenced that day to life imprisonment with a concurrent twenty-year sentence on the aggravated assault conviction and a consecutive five-year sentence on the possession charge. His notice of appeal was filed December 20, 1999. The appeal was originally docketed in the Court of Appeals and was transferred by order to this Court on August 30, 2000. The case was submitted for decision on the briefs.

to him, the victim reached for his rifle, aimed it at Carreker's car and fired it before Carreker shot him and fled the scene.

The jury determines the credibility of witnesses, OCGA § 24-9-80, and also decides whether the use of deadly force was justified. *Akins v. State*, 269 Ga. 838 (1) (504 SE2d 196) (1998). The evidence adduced was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Carreker did not act in self-defense when he shot the victim and that he was guilty of malice murder, aggravated assault and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err by charging the jury as to the law of mutual combat. There was some evidence from which the jury could have found that both parties intended to resolve their differences by fighting each other with deadly weapons, thus justifying the giving of the mutual combat charge. See *Sinkfield v. State*, 266 Ga. 726 (2) (470 SE2d 649) (1996). We find no error in the charge as given, which tracked almost verbatim the suggested pattern jury charge. Contrary to Carreker's contention, the principles of mutual combat set forth in the pattern charge are well based in Georgia law. See OCGA § 16-3-21 (b) (3).

3. After careful review of the trial transcript, we conclude that the prosecutor's questions to Carreker during cross-examination were proper to challenge Carreker's truthfulness, *Dorsey v. State*, 259 Ga. 809 (3) (387 SE2d 889) (1990), and served to emphasize the conflict in the evidence. *Whatley v. State*, 270 Ga. 296 (13) (509 SE2d 45) (1998). We note that the trial court charged the jury thoroughly regarding the determination of witness credibility. Id.

4. We do not agree with Carreker that the trial court erred by including in its charge on voluntary manslaughter the language addressing the legal effect of a cooling-off period between the provocation and the killing. See OCGA § 16-5-2 (a). Contrary to Carreker's contention, there was evidence to support the giving of that challenged language, in that the jury would have been authorized to find that a possible provocation for the attack on the victim was Carreker's anger when he learned of the earlier conflict between his brother and the victim. See generally *Watkins v. State*, 191 Ga. App. 325 (2) (382 SE2d 107) (1989) (charge on voluntary manslaughter proper when supported by any evidence).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2001.

*Robert L. Wadkins*, for appellant.
*J. Gray Conger, District Attorney, Mark C. Post, Assistant Dis-*

*trict Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.