## S02A0454. EDGE v. THE STATE.
(567 SE2d 1)

HINES, Justice.

Kiko Edge appeals from his convictions for felony murder and possession of a firearm while in the commission of a felony, in connection with the death of Verdell Willis.[1] For the reasons that follow, we affirm.

Construed to support the verdicts, the evidence showed that Edge was a member of a street gang known as the Folks. Stacy Carreker was one of Edge's associates in that gang.[2] Carreker's teenage brother, Corey, was in a gang-related altercation involving Willis's female cousin; Corey also claimed to be a member of the Folks. Willis's cousin told him of the altercation; Willis was a member of a gang that was a rival to the Folks. Outside a grocery store Willis displayed

---

[1] The crimes occurred on February 11, 1999. On May 3, 1999, a Talbot County grand jury indicted Edge on charges of malice murder, felony murder while in the commission of aggravated assault, aggravated assault, and possession of a firearm during the commission of a felony. Edge was tried before a jury November 30-December 3, 1999, and found guilty of felony murder and possession of a firearm while in the commission of a felony; the jury did not return verdicts on the other two counts. On December 3, 1999, Edge was sentenced to life in prison for felony murder, and five years in prison for possession of a firearm during the commission of a felony, to be served consecutively. He moved for a new trial on January 5, 2000, which was denied on April 30, 2001. Edge filed a notice of appeal on June 1, 2001. The case was docketed in this Court on December 7, 2001, and submitted for decision on January 28, 2002.

[2] Carreker was also prosecuted for Willis's murder. See *Carreker v. State*, 273 Ga. 371 (541 SE2d 364) (2001).

a rifle to Corey Carreker, Travares Small, and others. Stacy Carreker learned of the incident and made statements indicating his intent to harm Willis in retaliation.

Carreker borrowed a pistol from Edge and drove with Edge and two others to Willis's home. Willis was outside, Carreker shouted at him, and then fired the pistol from the car, fatally striking Willis in the chest. After Carreker and his companions drove away, Edge told Carreker to return the pistol, he did, and Edge hid it. Edge gave three statements to the police, essentially saying that he lent a pistol to Carreker, who said he was going to shoot Willis, and that when Willis took a rifle from his car, Carreker shot him.

1. Edge contends that the evidence is insufficient to establish that he committed any crime. Under OCGA § 16-2-20, one is a party to a crime if he intentionally aids or abets the commission of the crime, or advises, encourages, hires, counsels, or procures another to commit it. Whether a person is a party to a crime may be inferred from that person's presence, companionship, and conduct, before and after the crime was committed. *Walsh v. State*, 269 Ga. 427, 429 (1) (499 SE2d 332) (1998). The evidence authorized the jury to find Edge guilty of all crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Edge made three separate statements to police, evidence of which was admitted at trial. He contends that the evidence should have been excluded under OCGA § 24-3-50 because the statements were induced by the hope of receiving the benefit of bond, and under threat of injury because the interrogating detective yelled at him. The detective testified at the *Jackson-Denno*[3] hearing that he did not threaten Edge or promise that he would help Edge procure a bond if he cooperated. Edge was read his rights before each interview; before the first interview, Edge initialed each of his rights on a form, as that right was explained to him. After the *Miranda*[4] warning before each interview, Edge indicated that he understood his rights. The court specifically found that Edge waived his *Miranda* rights before each statement and that he gave the statements voluntarily without hope of benefit or fear of injury. A trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson-Denno* hearing will be upheld on appeal unless clearly erroneous. *Grier v. State*, 273 Ga. 363, 365 (2) (541 SE2d 369) (2001). The evidence supports the court's finding.

3. It was not error for the trial court to overrule Edge's motion in limine to exclude gang evidence on the basis that such evidence

---

[3] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[4] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

improperly placed his character in issue. Whether to admit evidence is a matter resting in the trial court's sound discretion, and evidence that is relevant and material to an issue in the case is not rendered inadmissible because it incidentally places the defendant's character in issue. *Price v. State*, 269 Ga. 373, 374 (2) (497 SE2d 797) (1998). Evidence of gang membership or involvement is admissible to show motive. *Mallory v. State*, 271 Ga. 150, 153 (6) (517 SE2d 780) (1999); *Clark v. State*, 271 Ga. 6, 9 (4) (515 SE2d 155) (1999). And here, gang membership was key to Edge's motive for his involvement in the crimes. The State's evidence was that Edge participated in the crimes in concert with fellow gang members, in retribution for Willis's gang-related actions.

4. Edge complains that testimony concerning a prior difficulty between him and Willis was inadmissible. But he did not object when this testimony was presented on direct examination during the State's case, and he then asked questions concerning the incident on cross-examination. Thus, he has waived appellate review of the issue. *Minor v. State*, 264 Ga. 195 (1) (442 SE2d 754) (1994); *Jackson v. State*, 234 Ga. 549, 553 (216 SE2d 834) (1975). Further, evidence of prior difficulties is relevant to the relationship between the victim and the defendant, and admissible to show the defendant's motive, intent, and bent of mind in committing the act against the victim. *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).

5. A witness testified as an expert in the field of gangs and gang codes of behavior. Edge contends no such testimony was warranted, but the expert testified to aspects of gang culture relevant to the case, including requirements of members' obedience, silence, and staunch defense of other gang members, and the punishment meted out to a gang member who violates these requirements. These were factual matters outside the experience of the average juror and the testimony of an expert was permissible. *Foster v. State*, 273 Ga. 34, 35-36 (2) (537 SE2d 659) (2000).

6. Finally, the trial court instructed the jury on the law pertaining to conspiracy. "It is not error to charge on the subject of conspiracy when the evidence tends to show a conspiracy, even if a conspiracy is not alleged in the indictment." *Holmes v. State*, 272 Ga. 517, 519 (6) (529 SE2d 879) (2000). The State may prove a conspiracy by showing "that two or more persons tacitly came to a mutual understanding to . . . pursue a criminal objective." (Citation and punctuation omitted.) *Brown v. State*, 269 Ga. 67, 69 (3) (495 SE2d 289) (1998). And the conspiracy may be inferred from "the nature of the acts done, the relation of the parties, the interest of the alleged conspirators, and other circumstances." Id. The evidence authorized the charge on conspiracy.

*Judgments affirmed. All the Justices concur.*

314

Decided July 11, 2002.

*Dorothy Williams,* for appellant.
*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.

