A07A2053. MITCHELL v. THE STATE.
(651 SE2d 821)

BLACKBURN, Presiding Judge.

Following a jury trial, Anthony Mitchell appeals his conviction for rape, contending that the trial court erred (i) in denying his motion for new trial that asserted ineffective assistance of counsel and (ii) in denying his motion for a mistrial that followed the admission of impermissible character evidence. Discerning no error, we affirm.

Construed in favor of the verdict, *Short v. State*,[1] the evidence shows that two months after a thirteen-year-old female moved in with her aunt and Mitchell, Mitchell entered the teenager's bedroom one night in March 2002 when the aunt was not at home and forced her to engage in vaginal intercourse with him. Over the next several months, Mitchell repeatedly forced intercourse on the teenager. The teenager moved out of the residence in mid-June and into her grandmother's residence, which was a few doors down the same road. She frequently returned to her aunt's house until the last week of July, when she moved back in with her aunt. She finally moved out of the area and in with another family in late August.

In November, she told her new guardian of the sexual encounters; the guardian immediately reported the matter to the authorities and took the teenager to a hospital for an exam, which revealed that she had contracted a sexually transmitted disease ("STD"). The teenager repeated the rape allegations to the nurse and to an investigating police officer, claiming that the last incident was in August. She reiterated the allegations to an interviewer in a videotaped interview.

Indicted on one count of rape, Mitchell conceded at trial that the Rape Shield Statute[2] precluded him from exploring the teenager's sexual history. Nevertheless, during the State's direct examination of the teenager, she opened the door to this area when she testified that she knew Mitchell had given her the STD because he was the only person with whom she had ever had sex. The court allowed Mitchell to go into this area, and Mitchell thoroughly cross-examined the teenager on various matters, including her sexual history and the activities at the aunt's small house that would seem to preclude any

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] OCGA § 24-2-3.

opportunities for the rapes to have occurred. After the jury found Mitchell guilty of rape, Mitchell moved for a new trial on grounds of ineffective assistance of counsel, which the court after a hearing denied. Mitchell appeals.

1. Mitchell first asserts that the trial court erred in denying his motion for new trial that alleged ineffective assistance of counsel. He contends that his counsel's failure to object to certain testimony from the victim about his selling drugs and his counsel's failure to subpoena certain medical records (which allegedly showed that the victim had had sex with another person in July 2002) constituted ineffective assistance of counsel. We hold that no harm arose from these alleged failures and therefore affirm the trial court's finding that Mitchell failed to carry his burden of proving his ineffective assistance claim.

> To establish an ineffective assistance claim, an appellant must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the outcome of the trial would have been different but for counsel's errors. Failure to satisfy either prong of this two-part test is fatal to an ineffectiveness claim.

(Footnote omitted.) *Moss v. State.*[3] Noting that a trial court's findings on an ineffective assistance claim are upheld unless clearly erroneous, *Covington v. State*[4] emphasized that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (Punctuation omitted.)

(a) *Failure to object to testimony about selling drugs.* Mitchell claims that his trial counsel failed to object to the victim's testimony that he sold drugs and that he gave her drugs before some of the sexual encounters to weaken her natural defenses. This claim fails on numerous grounds.

First, the testimony that Mitchell gave her drugs before some of the sexual encounters is a part of the res gestae and was accordingly admissible, particularly since it could be construed to be a part of a scheme to weaken her protestations to his actions.

> The State . . . is entitled to present the entirety of the res gestae of the crime involved. Even though a defendant is not

---

[3] *Moss v. State*, 278 Ga. App. 362, 364 (2) (629 SE2d 5) (2006).
[4] *Covington v. State*, 251 Ga. App. 849, 852 (2) (555 SE2d 204) (2001).

charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue.

(Punctuation omitted.) *Williams v. State.*[5] See *Hart v. State.*[6] Objecting to this testimony would have been futile, and therefore the failure to raise this objection cannot constitute grounds for ineffective assistance. See *McGuire v. State*[7] ("[t]rial counsel's failure to pursue a futile objection does not constitute ineffective assistance") (punctuation omitted).

Second, with regard to the testimony that Mitchell sold drugs, the court (after this testimony was given) expressly gave Mitchell's counsel the opportunity to object and move for a mistrial, which opportunity his counsel eventually accepted. Thus, Mitchell's counsel did in fact object to the testimony, which objection the court then sustained and further addressed by strictly instructing the jury to disregard the testimony and by then individually polling each juror to ensure that he or she would in fact disregard that testimony. Thus, although the objections were not immediate, they did come and were thoroughly considered, sustained, and addressed by the trial court in its ruling and instructions. The trial court accordingly had grounds to find that no prejudice resulted.

Third, at trial, trial counsel expressly told the court that he consciously did not initially object to the testimony as "a matter of trial strategy. . . . And I think it will become apparent later as to why I did not." See *Moss*, supra, 278 Ga. App. at 365 (2) (a) ("[t]actical decisions regarding what objections to make do not amount to ineffective assistance") (punctuation omitted). He stated during a bench conference that the strategy was for impeachment purposes. Cf. id. (court upheld finding of effective assistance where counsel purposely did not object to impermissible character evidence so he could show witness had a grudge against defendant). Indeed, during the presentation of the defense, Mitchell's counsel put on testimony that Mitchell had a regular job during the day, which contradicted the teenager's statement that Mitchell had no day job but only sold drugs. See *Lindo v. State*[8] (upholding finding of effective assistance where impermissible character evidence not objected to because counsel planned to

---

[5] *Williams v. State*, 280 Ga. 539, 544 (4) (630 SE2d 410) (2006).

[6] *Hart v. State*, 185 Ga. App. 141, 142 (4) (363 SE2d 599) (1987).

[7] *McGuire v. State*, 266 Ga. App. 673, 678 (4) (a) (598 SE2d 55) (2004).

[8] *Lindo v. State*, 278 Ga. App. 228, 236-237 (4) (b) (628 SE2d 665) (2006).

impeach the witness on this matter, which counsel felt was more effective than excluding the evidence).

Also, Mitchell's counsel testified that in making this decision not to immediately object and seek a mistrial, he considered that the victim during the middle of this testimony had inadvertently opened the door to her sexual history when she stated that she knew Mitchell had given her the STD because Mitchell was the only person with whom she had ever had sex; if a mistrial were granted, there was no guarantee that at the second trial, the victim would have opened this door again. He also felt he did not need to draw attention to the drug-selling testimony, which he felt was insignificant in a rape trial, particularly as compared to the value of now being able to cross-examine the victim on her prior sexual history. See *Rivers v. State*[9] (it is reasonable trial strategy to avoid an objection that would draw the jury's attention to the impermissible statement). It would not be a completely unreasonable trial strategy to avoid objecting under these circumstances. See *Moss*, supra, 278 Ga. App. at 365 (2) (a) ("[s]ubstantial latitude is given during judicial review of trial counsel's decisions regarding trial strategy") (punctuation omitted).

Accordingly, we hold that the trial court did not clearly err in holding that this failure to immediately object was neither deficient nor prejudicial. See *Howard v. State*[10] ("[c]ounsel's decisions on which motions and objections to make are matters of trial strategy and tactics that are within the lawyer's exclusive province and do not amount to ineffective assistance of counsel").

(b) *Failure to subpoena medical records.* Mitchell alleges that his trial counsel failed to subpoena certain medical records which would have shown that the victim had had sex during July 2002, when she was not living at Mitchell's residence; this would have allegedly impeached her testimony that he was the only one with whom she had had sex and would have allowed the jury to find that someone else may have given her the STD. This argument fails for the simple reason that the records were generally consistent with the victim's testimony and therefore no prejudice resulted from failing to subpoena them.

The records show that the victim had an exam in August 2002, during which the examiner wrote that the victim had had a sexual encounter in July 2002. Interpreting that record, the examining doctor testified that the sexual encounter was in fact in June 2002. Mitchell claims that this shows that the encounter had to have been with someone besides him, since she did not live at his residence in

---

[9] *Rivers v. State*, 271 Ga. 115, 118 (2) (b) (516 SE2d 525) (1999).
[10] *Howard v. State*, 252 Ga. App. 465, 468 (1) (556 SE2d 536) (2001).

July 2002. But this approach ignores that (i) she did live at his residence in early June and late July and (ii) when she was not living there, she was merely living down the street and visited his residence often. The only person who allegedly would have testified that this June/July encounter was with someone other than Mitchell was the victim's grandmother; yet Mitchell did not present any testimony or affidavit from the grandmother at the motion for new trial hearing. See *Boatwright v. State*[11] (when he fails to call the missing witness at the motion for new trial hearing, defendant does not meet his burden of showing prejudice in ineffective assistance claim).

For these reasons, the trial court did not clearly err in finding that Mitchell failed to carry his burden of proving his claim of ineffective assistance of counsel.

2. In his other enumeration of error, Mitchell contends that the trial court abused its discretion in denying his motion for mistrial (and instead giving a curative instruction), which motion asserted that the evidence of his selling drugs demanded a mistrial.[12] We disagree.

Where the trial court has given a curative instruction to disregard impermissible testimony, its discretionary decision to deny a mistrial "should not be disturbed unless a mistrial is essential to the preservation of the right to a fair trial." *Gardner v. State*.[13] Noting that "curative instructions are a proper remedy when a witness improperly places a defendant's character into evidence," *Gardner* held that "[i]n determining whether a trial court abused its discretion, an appellate court may consider the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety." (Punctuation omitted.) Id. at 813 (5). See *Clemons v. State*.[14]

Here we have a rape trial, in which the victim stated that Mitchell sold drugs in front of children. Mitchell put on contradictory evidence. Aware that Mitchell would be allowed to put on sexual history evidence in this trial (and possibly not in a second trial), the trial court denied Mitchell's motion for mistrial and instead gave the jury a strict instruction to disregard the testimony regarding Mitchell's selling drugs, to give that testimony no weight, and to wipe that

---

[11] *Boatwright v. State*, 281 Ga. App. 560, 561-562 (2) (636 SE2d 719) (2006).

[12] The State's position that Mitchell waived this matter by failing to renew his motion for mistrial after the curative instruction was given is without merit, since before giving the instruction, the court expressly informed Mitchell of the instruction's content and allowed him at that point to announce that the instruction was insufficient and that his motion for mistrial should nevertheless still be granted.

[13] *Gardner v. State*, 273 Ga. 809, 812-813 (5) (546 SE2d 490) (2001).

[14] *Clemons v. State*, 257 Ga. App. 96, 105 (4) (574 SE2d 535) (2002).

testimony completely from their minds. He then individually polled each juror to ensure that each would disregard the testimony and that none of them would consider the testimony during deliberations. We hold that the trial court did not abuse its discretion in denying the motion for mistrial. See *Woods v. State*[15] ("[w]here illegal evidence is admitted at the trial, it is not error to refuse the grant of mistrial if the illegal or harmful testimony can be corrected by proper instructions to the jury"). See also *Torres v. State*.[16]

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED SEPTEMBER 11, 2007.

*Eric J. Taylor*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Stephany J. Luttrell*, Assistant District Attorney, for appellee.

---

[15] *Woods v. State*, 233 Ga. 495, 498 (II) (212 SE2d 322) (1975).
[16] *Torres v. State*, 272 Ga. 389, 390 (2) (529 SE2d 883) (2000).
[1] (Footnote omitted.) *Gibson v. Thompson*, 283 Ga. App. 705 (642 SE2d 366) (2007); see also OCGA § 9-11-56 (c).