A08A2312. BAILEY v. THE STATE.
(672 SE2d 450)

BARNES, Judge.

Maurice Bailey appeals his conviction for armed robbery, arguing that the evidence against him was insufficient; the trial court erred in denying his motion to sever; and his trial counsel was ineffective because he failed to obtain a competency evaluation of Bailey. For the reasons that follow, we affirm.

1. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

---

Bailey and his co-defendant, Jamal Collins, were indicted for armed robbery by taking money from the victim with a pistol, possessing a firearm during the commission of a crime, and possessing a pistol with an altered identification number. The evidence at trial established that the victim was an exterminator sitting in his truck in a church parking lot filling out paperwork related to a job he just finished. Bailey pulled up beside him, got out of his car, told the victim he was out of gas and food, and asked when someone would be coming to the church who could help him. Bailey said he had stopped at a nearby church but someone sent him to this church. The victim told Bailey that someone would be at the church later that afternoon, so Bailey got back in his car and backed it around to the other side of the victim's truck so he was facing out. Then Collins got out of Bailey's car, leaned into the victim's truck, stuck a handgun in his side, and told him to do what Collins said or he would be killed. The victim gave Collins his keys and his wallet containing more than $2,000, mostly in hundred-dollar bills. Collins got back into Bailey's car and the two men drove off. The victim ran down the road looking for help until a motorist stopped and called 911.

A little further down the road a deputy sheriff from a different county heard the dispatcher advise him to be on the lookout for Bailey's car, which he spotted and stopped, placing both men in custody. The deputy looked inside the car and unlocked the glove box with a key he took from Bailey. Inside was a small loaded Beretta .22 semi-automatic handgun and on the back floorboard were credit cards belonging to the victim. The deputy took the two men to the sheriff's office and an investigator from the county in which the robbery took place came to talk to them. Bailey consented to a search of his car, which contained the victim's wallet and keys in addition to the gun and credit cards. No money was in the wallet, but Bailey had about $70 and Collins had a large amount of cash on him.

The victim identified both Collins and Bailey from a photographic lineup and again in court, and testified that the Beretta found in Bailey's car looked like the one Collins used to rob him. The victim also testified that the money returned to him was bent up on the ends characteristic of the money stolen from his wallet. Both Collins and Bailey testified and blamed each other for the crime. Collins said Bailey forced him to rob the victim, and Bailey said he did not know about the robbery until the police stopped him.

Bailey argues that the evidence was insufficient to convict him because it showed he was merely present, that Collins' testimony as an accomplice was not corroborated, and that the evidence was only circumstantial. Under OCGA § 16-8-41 (a), a person commits armed robbery when he takes property from a person by using an offensive weapon. Under OCGA § 16-2-20 (b) (3), (4), a person may be con-

victed as a party to a crime if he intentionally aids or abets in its commission or "advises, encourages, hires, counsels, or procures another to commit the crime." While mere presence at the scene of the crime is not enough to convict a person of being a party to the crime, the person's participation may be inferred from his presence, companionship, and conduct before and after the offense. *Peppers v. State*, 242 Ga. App. 416, 417 (1) (530 SE2d 34) (2000).

Further, while accomplice testimony alone is insufficient to sustain a felony conviction, corroborating circumstances may dispense with the need to present a second witness. OCGA § 24-4-8. "[S]light evidence of defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict." (Citations and punctuation omitted.) *Carter v. State*, 266 Ga. App. 691, 693 (3) (598 SE2d 76) (2004). In this case the evidence was sufficient to establish that Bailey aided and abetted in the robbery, and sufficiently corroborated Collins' testimony. The pistol used to rob the victim was found in the locked glove compartment, to which only Bailey had the key. The victim identified Bailey as the driver who approached him first and then backed his car around so that the front passenger side door was next to the victim's door. The trial court did not err in denying Bailey's motion for a directed verdict or for a new trial.

2. Bailey argues that the trial court erred in denying his motion to sever his trial from his co-defendant's, contending that the only testimony against him came from his co-defendant, whose defense was antagonistic to his own. Our law grants the trial court the discretion to try defendants jointly or separately. OCGA § 17-8-4. A defendant seeking severance must show prejudice amounting to a due process denial, and in determining whether to grant a motion to sever, the trial court must consider (1) whether there are so many defendants that the jury would be confused as to what law and facts apply to whom; (2) whether evidence admissible against one defendant would be considered against another; and (3) whether the defenses were antagonistic to each other. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975).

In this case, there are only two defendants, who were also charged as parties to the crime. The evidence and law against each of them was nearly identical and all of the evidence admissible against one would be admissible against the other. While their defenses were antagonistic, that fact alone is not sufficient to warrant the grant of a separate trial absent a showing of harm, such as the inability to call a co-defendant as a witness. *Holmes v. State*, 272 Ga. 517, 518 (2) (529 SE2d 879) (2000). Given the evidence presented, the trial court did not abuse its discretion in denying Bailey's motion to sever his trial from Collins' trial.

3. Finally, Bailey contends his trial counsel was ineffective for failing to ensure he received a court-ordered competency evaluation. First, Bailey's appellate counsel failed to raise this issue in his amended motion for new trial or during the hearing on his motion, and therefore waived his right to argue it on appeal. *State v. Jones*, 284 Ga. 302, 303 (1) (667 SE2d 76) (2008). Second, the record shows that the trial court granted trial counsel's motion for a psychiatric evaluation, and although Bailey now asserts he was never evaluated, the trial court ordered the court clerk to supplement the record with a report from a forensic psychologist who interviewed Bailey before his trial. The psychologist concluded that Bailey was competent to stand trial and had the capacity to distinguish between right and wrong at the time of the robbery. Accordingly, this enumeration is meritless.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 8, 2009.

*Copeland & Walker, Roy W. Copeland*, for appellant.
*C. Paul Bowden, District Attorney, Ronnie A. Wheeler, Assistant District Attorney*, for appellee.