## A10A0331. RICHARDSON v. THE STATE.
(699 SE2d 595)

MILLER, Chief Judge.

A Gwinnett County jury convicted David Gregory Kawika Richardson of one count of trafficking in cocaine (OCGA § 16-13-31 (a) (1) (B)). Richardson now appeals from the trial court's order denying his motion for a new trial, arguing that the evidence was insufficient to support his conviction; the prosecutor improperly placed his character in issue; he received ineffective assistance from his trial counsel; and the trial court improperly charged the jury on conspiracy. Richardson also contends that the trial court improperly enhanced his sentence because he exercised his right to a jury trial. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the record shows that on the evening of May 5, 2007, Gwinnett County Police Sergeant David Cavender saw a Pontiac Grand Am and a Ford Explorer backed up next to an unoccupied rear building of an America's Best Inn in Norcross. Since the area was known for drug

activities, Cavender decided to conduct surveillance from an adjacent parking lot. Within minutes, he saw Richardson, Ernesto Morga, Robert Mosley, and Aonta Ruth emerge from a breezeway in the front building of the motel and walk toward the vehicles.[1] Richardson and Morga walked over to the Explorer, where Richardson opened and closed the driver's door and then opened a back door and retrieved a bag. Richardson and Morga then walked over to the Grand Am, where Mosley and Ruth were waiting. One of the men opened the trunk, and Richardson placed the bag inside and began moving things around for about a minute and a half. According to Cavender, "you could tell by the way he moved that he was lifting stuff up and moving it." After making a "shoving motion," Richardson stood up holding a bag.

By this time, Cavender had called for backup officers. As Cavender watched, the four men, led by Richardson, walked back toward the breezeway. As they did so, another officer ordered the men to stop, while Cavender ran to the front of the building. Cavender saw Richardson emerge from the front of the breezeway, still carrying the bag. As he walked down the sidewalk, Richardson shoved the bag into a trash can. After Cavender detained Richardson, police recovered the bag and discovered suspected cocaine wrapped in Saran Wrap inside, later shown to constitute 377 grams of cocaine with a 50 percent purity.

Upon further investigation, police officers learned that Mosley had rented a room at the America's Best Inn. Officers made contact with the room's five male occupants and obtained consent to conduct a search. Three of the men possessed large amounts of·cash, totaling $16,000 to $17,000. Police also found a roll of Saran Wrap in the room and wet plastic wrap in the bathroom. A drug dog alerted on several items in the room although police discovered no drugs. The dog also indicated significant interest in the trunk of the Grand Am, but no drugs were found there either. After the drug dog alerted on the Explorer, police found a marijuana joint in the ashtray.

Richardson testified at trial that he drove his friend Morga to the America's Best Inn on the night in question because Morga planned to get a ride to North Carolina with Mosley, who was married to Richardson's cousin. After arriving at the motel, Richardson and Morga smoked marijuana in Mosley's room with Mosley and Mosley's friends. According to Richardson, he then went downstairs with Mosley, Morga, and ·others. Richardson and Morga went to Richard-

---

[1] Mosley, Morga, and Ruth were indicted with Richardson for trafficking in cocaine and tried together prior to Richardson's·trial. Mosley was convicted while Morga and Ruth were acquitted. We affirmed Mosley's conviction. *Mosley v. State*, 296 Ga. App. 746 (675 SE2d 607) (2009).

son's car so that Morga could retrieve a bag with some clothes. Richardson and Morga then walked over to the Grand Am, where Morga put his bag in the trunk and Mosley handed Richardson a backpack and told him to carry it through the breezeway. Richardson claimed the following: he did not own the backpack or its contents; he did not look in the backpack; he did not see anyone put anything in the backpack; and he did not know that the backpack contained cocaine. Richardson testified further that he discarded the backpack when he saw the police because he thought it might contain marijuana.

1. Richardson contends that the evidence at trial was insufficient to establish his guilt of trafficking in cocaine. We disagree.

OCGA § 16-13-31 (a) states in relevant part: "Any person . . . who is *knowingly* in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine." (Emphasis supplied.) Richardson argues that the State failed to sustain its burden of proving that he was in knowing possession of the cocaine found in the bag police retrieved from the trash can, relying on his testimony that he did not own the bag or its contents or know what the bag contained.

"It has long been the law that knowledge may be proved by facts and circumstances from which a jury could reasonably infer that a defendant knowingly possessed contraband." (Citations omitted.) *Fernandez v. State*, 275 Ga. App. 151, 154 (2) (619 SE2d 821) (2005); *Celestin v. State*, 296 Ga. App. 727, 729 (1) (675 SE2d 480) (2009); see also *Milton v. State*, 232 Ga. App. 672, 673 (1) (503 SE2d 566) (1998) ("Knowledge or scienter may be proved, like any other fact, by circumstantial evidence") (citation and punctuation omitted). Notwithstanding Richardson's testimony or whether he actually owned the bag containing the cocaine, the State presented sufficient circumstantial evidence of scienter to sustain Richardson's conviction. Based on Cavender's testimony that Richardson retrieved a bag from his car, took it over to the Grand Am, placed it in the trunk, where he began moving things around and made a "shoving motion," the jury could conclude that Richardson was the one who actually placed the package of cocaine into a bag. Before discarding the bag, Richardson was heading back in the direction of Mosley's motel room, where police later discovered Saran Wrap, the same material in which the cocaine was wrapped, and a large amount of cash. A drug dog alerted in the motel room and demonstrated interest in the Grand Am's trunk. Under the circumstances, the jury was entitled to conclude that Richardson knowingly retrieved cocaine from the Grand Am and then discarded it to avoid detection by police and to reject as unreasonable Richardson's explanation that he did not know that the bag contained cocaine and threw it away believing it

YALE LAW LIBRARY

might contain marijuana.

2. Richardson claims that the prosecutor improperly placed his character at issue by asking him on cross-examination if he had ever sold marijuana. Richardson's counsel did not object to the prosecutor's questioning, and, as such, Richardson waived this argument on appeal. *Brown v. State*, 300 Ga. App. 359, 362 (3) (685 SE2d 377) (2009).

3. Richardson further maintains that he received ineffective assistance of trial counsel because his trial counsel failed to object when the prosecutor asked him if he had sold marijuana. We are not persuaded.

On appeal from a trial court's decision on an ineffective assistance of counsel claim, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003). To establish ineffective assistance of counsel, a criminal defendant "must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different." (Citation and punctuation omitted.) *Matthews v. State*, 284 Ga. 819, 821-822 (4) (672 SE2d 633) (2009).

On direct examination, Richardson, explaining the presence of the marijuana joint in his car, testified that he had smoked marijuana for ten years, but he denied ever using, selling, transporting, carrying, or delivering cocaine. He further stated that after police discovered the cocaine in the bag he threw in the trash can, he told them "I don't have no dealings with cocaine . . . I smoke weed."

"The State, like any other party, has the right to conduct a thorough and sifting cross-examination and to pursue the specifics of a topic the defendant introduced." (Citation and punctuation omitted.) *Jackson v. State*, 288 Ga. App. 432, 435 (1) (c) (654 SE2d 232) (2007). Thus, "[w]hen a defendant testifies and admits prior criminal conduct, the State is authorized to fully explore the issue on cross-examination." *Gordon v. State*, 273 Ga. 373, 379 (4) (f) (541 SE2d 376) (2001); *Morgan v. State*, 275 Ga. 222, 223 (3) (564 SE2d 192) (2002) (by raising subject of parole status during direct examination, defendant raised "an issue which may be fully explored by the State on cross-examination") (citation and punctuation omitted). Given Richardson's admission of extensive past marijuana use, the prosecutor was entitled to cross-examine him regarding the extent of his involvement with marijuana and inquire whether he had sold marijuana. Richardson, moreover, invited such questioning when he denied ever selling or delivering cocaine during direct examination

but did not address whether he had engaged in selling or delivering marijuana. Given that the prosecutor's questioning was proper and any objection raised by Richardson's trial counsel would have been futile, Richardson's trial counsel was not ineffective. *Fults v. State*, 274 Ga. 82, 87 (7) (548 SE2d 315) (2001).

4. Richardson argues that the trial court erred in instructing the jury on the legal theory of conspiracy. We disagree.

"It is not error to charge [the jury] on the subject of conspiracy when the evidence tends to show a conspiracy, even if a conspiracy is not alleged in the indictment." (Citation and punctuation omitted.) *Edge v. State*, 275 Ga. 311, 313 (6) (567 SE2d 1) (2002). "The State may prove a conspiracy by showing that two or more persons tacitly came to a mutual understanding to pursue a criminal objective," and the conspiracy may be inferred from "the nature of the acts done, the relation of the parties, the interest of the alleged conspirators, and other circumstances." (Citation and punctuation omitted.) Id. Cavender's testimony regarding his observations of Richardson, Mosley, Morga, and Ruth behind the motel along with the other evidence presented by the State "supported at least an inference that [the four men] acted in concert to possess, transport and arrange for the sale of the cocaine" ultimately recovered by police. *Mosley v. State*, 296 Ga. App. 746, 751 (4) (675 SE2d 607) (2009). Accordingly, the conspiracy charge was authorized. Id.

5. Finally, Richardson argues that the trial court improperly enhanced his sentence in retaliation for Richardson's decision to exercise his constitutional right to a jury trial. This claim of error also fails.

The record reflects that prior to trial, Richardson rejected a negotiated plea offered by the prosecutor under which Richardson would plead guilty to a "first tier" offense of trafficking in cocaine (OCGA § 16-13-31 (a) (1) (A)) and the State would recommend a sentence of twenty years, ten years to be served in prison. The prosecutor then agreed to recommend a sentence of fifteen years, ten to be served in prison in exchange for a guilty plea to a first tier trafficking offense but withdrew the offer during her plea colloquy with Richardson, asserting that the offer was conditioned on Richardson providing truthful testimony against his co-defendants, which Richardson refused to do.

In offering his recommendation regarding Richardson's sentence following the jury's guilty verdict, Richardson's trial counsel remarked to the trial court: "I know you do not penalize people for going to trial and exercising their constitutional right to trial." Responding to these remarks, the trial court commented:

I think it's fair to say that most judges give longer sentences

once there has been a conviction with the jury than when there had been a plea, particularly a plea that comes early on. The philosophy there is to both encourage cases to plead out that should plead out earlier in the process, but really, most importantly, to recognize . . . that they have cooperated early on in the process and taken responsibility for what has occurred, and I think that's an important element in any of these cases. So that's one thing that weighs on my mind as it relates to the sentence today.

The trial court went on to explain that "really probably the most important thing to me, is the need to try to treat all defendants appropriately and consistently across the board who are similarly situated." The trial court ultimately sentenced Richardson to 30 years, 20 years to be served in prison and imposed the statutorily required fine of $300,000. This was the same sentence Richardson's co-defendant Mosley received and was authorized by OCGA § 16-13-31 (a) (1) (B).

"We have recognized that a trial court does not engage in unconstitutional 'vindictiveness' by imposing a harsher sentence following a jury trial than may have been imposed if the defendant had accepted a plea bargain." (Citation omitted.) *Gidey v. State*, 228 Ga. App. 250, 253 (3) (491 SE2d 406) (1997). As the trial court here acknowledged, entry of a guilty plea may constitute a sentencing consideration warranting leniency. *Allen v. State*, 193 Ga. App. 670, 671-672 (388 SE2d 889) (1989); see also *Townes v. State*, 298 Ga. App. 185, 189-190 (679 SE2d 772) (2009). In imposing a harsher sentence following trial, the trial court is "merely following through on the inevitable and permissible threat which is implicit in any plea bargain situation — that rejection of the plea bargain may diminish or destroy the very rationale for the imposition of a lenient sentence." (Citation and punctuation omitted.) *Allen*, supra, 193 Ga. App. at 671. The trial court indicated that its primary concern was to sentence similarly situated defendants equitably, and its acknowledgment that criminal defendants who plead guilty may receive leniency does not undermine the validity of Richardson's sentence or establish that the trial court acted vindictively or with a retaliatory motive.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED JULY 9, 2010 —
RECONSIDERATION DENIED JULY 27, 2010.

*Edwin J. Wilson*, for appellant.

*Daniel J. Porter, District Attorney, Robby A. King, Assistant District Attorney*, for appellee.